UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WISSAM H. OMRAN, *et al.*,

    Plaintiffs,

Case No. 08-10760

v.

DISTRICT DIRECTOR, U.S.C.I.S.        Hon. John Corbett O'Meara
DETROIT, *et al.*,

    Defendants.
_____/

**ORDER GRANTING**
**DEFENDANTS' MOTION TO DISMISS**

Before the court is Defendants' motion to dismiss, filed July 23, 2008. Plaintiff Wissam Omran submitted a response on October 27, 2008. The court heard oral argument on November 13, 2008, and took the matter under advisement. With the court's permission, Plaintiff submitted a supplemental brief on December 11, 2008.

**BACKGROUND FACTS**

Plaintiff seeks a writ of mandamus compelling the United States Citizenship and Immigration Service ("CIS") to adjudicate his pending application to adjust to permanent resident status, also known as a "Form I-485." Plaintiff is a citizen of Iraq who applied for adjustment of status to lawful permanent resident (green card holder) on October 3, 2002. According to the government, Plaintiff's name check request was submitted to the FBI on December 4, 2002, and the results were received on January 9, 2007. CIS has not yet made a decision regarding Plaintiff's application. In the meantime, Plaintiff's wife received a green card and completed the naturalization process; she is now a U.S. citizen.

**LAW AND ANALYSIS**

Defendants have moved to dismiss Plaintiff's complaint for failure to state a claim and/or lack of subject matter jurisdiction. Defendants argue that mandamus relief is not available to compel the adjudication of I-485 applications and that review is also unavailable under the Administrative Procedures Act.

**I.     Standard of Review**

In response to a Rule 12(b)(1) motion, the plaintiff has the burden of proving subject matter jurisdiction, which is "not onerous." Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1248 (6th Cir. 1996). "The plaintiff must show only that the complaint alleges a claim under federal law, and that the claim is 'substantial,'" or not frivolous. Id.

Defendants have also moved for dismissal under Rule 12(b)(6). When a court is confronted with a motion for dismissal based upon both Rules 12(b)(1) and 12(b)(6), the court "is bound to consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if th[e] court lacks subject matter jurisdiction." Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).

**II.    Background on Adjustment of Status**

The Immigration and Nationality Act, 8 U.S.C. § 1255, authorizes the Attorney General to "adjust" to permanent resident status certain aliens who have been admitted into the United States. The statute provides that adjustment is within the "discretion" of the Attorney General. 8 U.S.C. § 1255(a). Neither the statute nor its implementing regulations establish any time frame in which a determination on an application must be made. Immigration officials may withhold adjudication, without time limit, while applications are investigated. See 8 C.F.R. § 103.2(b)(18).

**II.      Mandamus Jurisdiction**

Mandamus jurisdiction is governed by 28 U.S.C. § 1361, which provides that the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Id.  Mandamus relief is an "extraordinary" remedy that "cannot be used to compel or control a duty in the discharge of which by law [a federal officer] is given discretion." Work v. United States ex rel. Rives, 267 U.S. 175, 177-78 (1925).  See also Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988) ("The extraordinary remedy of mandamus . . . will issue only to compel the performance of a clear nondiscretionary duty.").

In the immigration context, district courts are split regarding whether immigration officials have a "clear nondiscretionary duty" to adjudicate an application for adjustment of status within a particular time frame.  The court is not aware of any circuit court decisions on this issue.  The majority of judges in this district, however, have held that immigration officials do not have such a duty.[1]  See, e.g., Chehab v. Chertoff, No. 07-11068 (E.D. Mich. Aug. 17, 2007) (O'Meara, J.); Ma v. Rice, 2009 WL 160288 (E.D. Mich. Jan. 22, 2009) (Steeh, J.) (collecting cases); Sharabi v. Heinauer, No. 07-13879 (E.D. Mich. Feb. 27, 2008) (Battani, J.); Carter v. Department of Homeland Security, No. 07-12953 (E.D. Mich. Jan. 24, 2008) (Edmunds, J.); Azadegan v. Chertoff, No. 07-11238 (E.D. Mich. Sept. 27, 2007) (Borman, J.); Maftoum v. Chavez, No. 07-12819 (E.D. Mich. Oct. 31, 2007) (Cleland, J.); Shen v. Chertoff, No. 06-15631 (E.D. Mich. July 9, 2007 (Friedman, J.).  Accord Qiu v. Chertoff, 486 F. Supp. 2d

---

[1] This is in contrast to the processing of naturalization applications, which by statute must be completed within 120 days.  See 8 U.S.C. § 1447(b).

412, 420 (D. N.J. 2007); Safadi v. Howard, 466 F. Supp. 2d 696, 700 (E.D. Va. 2006) ("[P]laintiff's request for a writ of mandamus . . . fails because the defendant does not owe plaintiff a 'clear nondiscretionary duty' to process his adjustment of status application at any particular pace or speed."). But see Obeid v. Chertoff, No. 07-10937 (E.D. Mich. Mar. 26, 2008) (Tarnow, J.) (denying government's motion to dismiss and finding jurisdiction over I-485 application claim); Abdi v. Chertoff, 589 F. Supp. 2d 120 (D. Mass. 2008).

In Chehab, this court found that because immigration officials have discretion to withhold adjudication under 8 U.S.C. § 1255(a) and the implementing regulations, including 8 C.F.R. § 103.2(b)(18), it did not have mandamus jurisdiction. There have been no developments in the case law since Chehab to compel a different conclusion in this case, despite the sympathetic nature of Plaintiff's personal circumstances.

It should be further noted that the decision to grant or deny an adjustment of status is not reviewable by this court. As the Qiu court stated, "it is ill-advised for courts to interfere with unreviewable agency decisions. . . . When, as here, the Court lacks power to review the ultimate agency decision and the agency's cases are backlogged, granting the writ to compel adjudication would do nothing more than shuffle to the front of the line those I-485 applicants canny enough to file a complaint in federal district court." Qiu, 486 F. Supp. 2d at 420.

### III.   Review under the APA

Plaintiff also asserts that jurisdiction exists pursuant to 28 U.S.C. § 1331 and the Administrative Procedures Act and that the court may "compel agency action that is unreasonably delayed or withheld." See 5 U.S.C. § 706. Under the APA, "when an agency is compelled by law to act within a certain time period . . . a court can compel the agency to act."

Norton v. South Utah Wilderness Alliance, 542 U.S. 55, 65 (2004).  However, the APA does not apply where the statute at issue "precludes judicial review" or the "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a).

In this case, immigration officials are not "compelled by law to act within a certain time period" with respect to the adjudication of adjustment applications.  This agency action is committed to agency discretion by law.  See 8 C.F.R. § 103.2(b)(18).  Accordingly, the APA does not does not provide an avenue for review.  See Qiu, 486 F. Supp.2d at 421 (no jurisdiction under mandamus act or federal question statute through application of the APA).

**ORDER**

Because the court lacks subject matter jurisdiction, IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED.

s/John Corbett O'Meara
United States District Judge

Date:  March 2, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 2, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager

-5-